IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEFF AIDNIK

      Plaintiff,                       No. 2:09-cv-2271 WBS KJN (TEMP) P

    vs.

SHAWN O'CONNER, et al.

      Defendants.             ORDER

        Plaintiff is a state prisoner proceeding without counsel in an action under 42 U.S.C. § 1983. On April 1, 2011, the court ordered plaintiff to file an opposition or statement of non-opposition in response to defendant Russell's motion to dismiss, filed February 16, 2011. Plaintiff failed to comply with the order or otherwise communicate with the court, so the court recommended dismissal pursuant to Fed.R.Civ.P. 41 (b).

        Plaintiff has timely filed an objection to the recommendation of dismissal. While plaintiff offers no plausible explanation for his failure to respond to the motion to dismiss, he does state that he wants to proceed with his case. In keeping with the lenient allowances the court usually extends incarcerated plaintiffs who proceed without counsel, the court will vacate the recommendation of dismissal and provide plaintiff with a final opportunity to oppose the motion to dismiss. Plaintiff is again admonished that his failure to comply with this order will

1

result in a second recommendation of dismissal under Fed.R.Civ.P. 41(b).[1]

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations entered June 8, 2011, are vacated.

2. Plaintiff has thirty days from the entry of this order in which to file an opposition to the motion to dismiss of February 16, 2011, or a statement of non-opposition. Failure to comply with this order will result in a second recommendation of dismissal under Fed.R.Civ.P. 41(b).

DATED: June 27, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

aidn2271.ord

---

[1] Plaintiff is further admonished that neither his status with the California Department of Corrections and Rehabilitation nor his inability to contact defense counsel have any bearing on his obligation to prosecute his case in a timely manner. Therefore the court will not again extend the leniency embodied in the vacating of the existing recommendation of dismissal unless plaintiff can excuse another failure to prosecute with a showing of good cause. If plaintiff experiences a significant impediment to his access to this court, it is his responsibility to contact the court to explain the delay and request an extension of time in which to oppose the motion to dismiss, or, in severe circumstances of unreasonable conduct by prison officials, to request assistance in removing that impediment. The mere fact of incarceration is not a significant or unreasonable hindrance to plaintiff's ability to litigate his case and will not be accepted as an excuse for failure to comply with the court's orders.